**UNITED STATES BANKRUPTCY COURT**    **Hearing Date: Sep. 16, 2020 at 3:00 pm**
**EASTERN DISTRICT OF NEW YORK**    **Objection Date: Sep. 2, 2020**
_____X

In re:                                     Chapter 11

NORTHERN BOULEVARD AUTOMALL, LLC
d/b/a/ LONG ISLAND VOLKSWAGEN,

                                      Case No.: 19-41348-nhl
                   *Debtor.*
_____X

RICHARD MCCORD, ESQ., as CHAPTER 11 Trustee
For The Estate Of Northern Boulevard Automall, LLC
d/b/a LONG ISLAND CITY VOLKSWAGEN,

                 *Plaintiff,*

          - against –

5615 NORTHERN LLC, 142 NORTH LLC, 54 BWAY
LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO
NORTH, LLC VALLEY MERRICK LLC, and SPYRO    Adv. Pro. No. 19-01070-nhl
AVDOULOS,

               *Defendants.*
_____X

5615 NORTHERN LLC, 142 NORTH, LLC, 54
BWAY LLC, DIO LONG, LLC, 2545 BORDEN, LLC,
DIO NORTH, LLC VALLEY MERRICK, LLC, and
SPYRO AVDOULOS,

          *Third-Party Plaintiffs,*

          - against -

NIKOLAOS LETSIOS a/k/a NICK LETSIOS,
MARINA LETSIOS, JANET BEBRY, GEORGE
S. PAPANTONIOU, VALLEY AUTO SHOW,
JOHN MARCIANO, RESPECT AUTO QUEENS I,
LLC, STEVEN H. LABONTE and LABONTE
LAW GROUP,
          *Third-Party Defendants.*
_____X

**THIRD-PARTYDEFENDANTS' NIKOLAOS LETSIOS, MARINA LETSIOS, AND
JANET BEBRY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
<u>QUASH SUBPOENAS AND FOR STAY OF DISCOVERY</u>**

# TABLE OF CONTENTS

I.     **PRELIMINARY STATEMENT** ...................................................................................1

II.    **STATEMENT OF FACTS** ........................................................................................2

III.   **STANDARD OF REVIEW** ......................................................................................5

IV.   **ARGUMENT** ............................................................................................................7

   A. **Fed. R. Civ. P. 26 and Fed. R. Bankr. P. 7026 Prohibit the Subpoenas**...........................7

   B. **The Subpoenas Must be Quashed Because They Seek Irrelevant Information**..............8

   C. **The Subpoenas Must be Quashed to Protect Privileged & Confidential Matters** ..........9

   D. **The Subpoenas Impose an Undue Burden & Serve to Oppress & Harass**...................10

   E. **A Stay of All Discovery Must be Issued Due to Conflicts & Withdrawal Motion** ........11

IV.   **CONCLUSION** ........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Citizens Union of City of N.Y. v. Attorney General of N.Y.,
269 F. Supp. 3d 124 (S.D.N.Y. 2017).................................................................. 6, 7

Concord Boat Corp. v. Brunswick Corp.,
169 F.R.D. 44 (S.D.N.Y. 1996) ........................................................................ 7

Copantitla v. Fiskardo Estiatorio, Inc.,
2010 U.S. Dist. LEXIS 33430 (S.D.N.Y. Apr. 5, 2010)..................................... 8

Desilva v. N. Shore-Long Island Jewish Health Sys. Inc.,
No. 10-CIV.-1341 (JFB) (ETB), 2010 WL 3119629 (E.D.N.Y. Aug. 9, 2010)................ 8

Griffith v. United States,
No. M8-85 (JFK), 2007 WL 1222586 (S.D.N.Y. Apr. 25, 2007) ....................................... 7

In re Flag Telecom Holdings, Ltd.,
2006 U.S. Dist. LEXIS 69140 (S.D.N.Y. Sep. 13, 2006).................................... 8

Jones v. Hirschfield,
219 F.R.D. 71 (S.D.N.Y. 2003) ........................................................................ 7

Kirschner v. Klemons,
No. 99-CIV.-4828 (RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ........................ 6

Malibu Media, LLC v. Doe,
No. 03-CIV.-1382 (RWS), 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003)..................... 6

Night Hawk Ltd. v. Briarpatch Ltd.,
No. 15-CIV.-314, 2016 WL 5478433 (S.D.N.Y. Sep. 29, 2016) ................................... 6, 7

Sierra Rutile Ltd. v. Katz,
1994 U.S. Dist. LEXIS 6188 (S.D.N.Y. 1994)................................................... 8

**Statutes**

New York Franchised Motor Vehicle Dealer Act § 463 ........................................................ 9, 10

**Rules**

Fed. R. Bankr. P. 7026 .......................................................................................................... 1, 7

Fed. R. Bankr. P. 9016 ............................................................................................................... 1

Fed. R. Civ. P. 26 ....................................................................................... 1, 6, 7, 8, 9, 11

Fed. R. Civ. P. 45 ..................................................................................... 1, 5, 6, 8, 10

## I.    PRELIMINARY STATEMENT

Third-Party Defendants Nikolaos Letsios (hereinafter "Letsios"), Marina Letsios (hereinafter "Mrs. Letsios"), and Janet Bebry (hereinafter "Bebry") (Letsios, Mrs. Letsios, and Bebry collectively hereinafter referred to as the "Management Defendants") submit this memorandum of law in support of their motion to quash the subpoenas served upon non-parties Kia Motors of America, Inc. ("KMA"), 4950 Sunrise Realty, LLC, c/o J & J Real Estate Management Co., Inc. ("4950 Landlord"), John G. Gentile, Esq. ("Attorney Gentile"), JM North Shore Motors, LLC d/b/a Kia of Huntington ("Kia Dealership"), JS Jericho Realty LLC c/o John G. Gentile, Esq. ("JS Landlord"), and John Staluppi, c/o Atlantic Automotive Group ("Staluppi") (KMA, 4950 Landlord, Attorney Gentile, Kia Dealership, JS Landlord, and Staluppi collectively hereinafter the "Subpoenaed Parties") by Third-Party Plaintiffs 5615 Northern LLC, 142 North, LLC, 54 Bway LLC, Dio Long, LLC, 2545 Borden, LLC, Dio North, LLC Valley Merrick, LLC (collectively hereinafter the "Landlord Entities"), and Spyro Avdoulos (hereinafter "Avdoulos") (the Landlord Entities and Avdoulos collectively hereinafter the "Third-Party Plaintiffs") and to stay all discovery, pursuant to Federal Rules of Civil Procedure ("Rule") 45 and 26 as made applicable to the instant adversary proceeding by Federal Rules of Bankruptcy Procedure ("Bankr. Rule") 9016 and 7026.

The subpoenas must be quashed because no discovery conference has been held in this adversary proceeding as required by Rule 26.  The subpoenas also constitute an attack on the Management Defendants' (namely, Letsios') personal privileges and rights and are otherwise improperly served for the sole purpose of harassing and annoying them in order to interfere with their right to earn a livelihood at their current place of employment.  Additionally, the subpoenas must be quashed because some endanger the Letsios' rights under the attorney-client privilege.

1

For substantially the same reasons concerning attorney-client privilege (as it relates to both the Subpoenaed Parties and Third-Party Defendants Steven H. Labonte and Labonte Law Group (hereinafter the "Labonte Defendants")), and because there remains pending a motion for leave to withdraw the reference to this court before the Hon. Rachel P. Kovner, U.S.D.J. in the United States District Court for the Eastern District of New York (the "Eastern District"), the Management Defendants respectfully submit that this Court must issue a stay of all discovery until that motion is resolved.  Indeed, this Court has previously stated at a hearing that this adversary proceeding shall be held in abeyance pending same.

For these reasons and those set forth below, this Court should quash the subpoenas and stay all further discovery.

## II.    STATEMENT OF FACTS

On March 7, 2019, the Debtor – by and through Letsios – filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  See Bankruptcy Petition Docket Entry (hereinafter "Bankr. D.E.") 1 at 4.   The Debtor listed among its assets its various leases with the Landlord Entities.  Id. at 12-16 (Official Form 206A/B, Part 9).

In 2016, Letsios and Avdoulos acquired a Volkswagen dealership from its prior owner and formed the Debtor as the corporate entity for same.  See Bankr. D.E. 7 at ¶ 7.  The Debtor is comprised of a Managing Member, Letsios, who owns 51% of the issued and outstanding membership interests therein, and Avdoulos owns 49% of the issued and outstanding membership interests therein.  See Bankr. D.E. 7 at ¶ 7.

Notably, the Operating Agreement for the Debtor provides that its Members – Letsios and Avdoulos – have no exclusive duty to the Debtor.  See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 4, Ex. B at § 4.6.

The Operating Agreement also expressly acknowledges that each may now or in the future have interests in businesses which are considered to be in competition with the Debtor and that such interests are not a conflict of interest nor prohibited.  See Id. at § 11.10.

In February 2019, due to cash flow issues and a failed audit, Volkswagen Credit, Inc. ("VCI") – a major creditor of the Debtor – stopped funding the Debtor and took possession of, inter alia, the titles and keys of the Debtor's vehicles; VCI also became a daily presence at the business and the Debtor fully cooperated with VCI in providing documentation and information as requested.  Bankr. D.E. 7 at ¶¶ 18-19.  Though the Debtor's management believed it would be able to continue operating and selling vehicles while it complied with VCI, the Debtor was not permitted to retain the gross proceeds of its sales since February 18, 2019, preventing the Debtor from being able to meet its obligations to employees, vendors, and creditors.  Id. at ¶ 20.  Both Letsios and Avdoulos personally guaranteed much of the secured debt the Debtor relied on to meet its obligations in order to operate.  Id. at ¶ 24.  VCI then commenced an action against the Debtor in the Eastern District seeking a turnover of the Debtor's assets in which it maintains a security interest and obtained a temporary restraining Order prohibiting the Debtor from conducting any business or paying its employees.  Id. at ¶¶ 27-28.

As a result, Letsios petitioned this Court prior to that hearing and moved for permission to operate its business pending the resolution of the bankruptcy petition, which this Court granted. See Bankr. D.E. 11 (interim stipulated Order permitting use of cash collateral subject to terms and conditions) and 12 (interim Order authorizing payment of wages and performance of prepetition obligations related to Debtor's employees); see also Bankr. D.E. 21, 44, 79, 105, 121, 134, 152, 157, 164, 180, 202, 212, 222, 231, 240, 248, and 266 (second through nineteenth interim stipulated Orders authorizing same, though there does not appear to be a fourteenth).

Around the same time, on February 27, 2019, Avdoulos – through the Landlord Entities – served the Debtor with notices of termination of each of its leases.  See Bankr. D.E. 101 at Exs. G-K.  On April 4, 2019, the Debtor moved to sell its property based upon the bid of Third-Party Defendant Respect Auto Queens I LLC.  See Bankr. D.E. 38.  On April 11, 2019, Richard J. McCord, Esq. (hereinafter the "Trustee") was appointed as Trustee of the Debtor.  See Bankr. D.E. 60-62.  On May 2, 2019, the Trustee moved to sell the Debtor's property, as well.  See Bankr. D.E. 82.  On May 7, 2019, Avdoulos and the Landlord Entities objected on the grounds that they are entitled to rent from the Debtor.  See Bankr. D.E. 89.  On May 20, 2019, the Landlord Entities and Avdoulos moved to compel the Debtor to pay its rent obligations under the Debtor's leases with the Landlord Entities was resolved by a joint stipulation and order of settlement.  See Bankr. D.E. 101 and 155.

On May 29, 2019, the Trustee commenced the instant adversary proceeding against the Landlord Entities and Avdoulos seeking damages for breach of contract, breach of fiduciary duty, duty of loyalty, and duty of care, avoidance and recovery of certain fraudulent conveyances, avoidance of preferential transfers, injunctive relief, unjust enrichment, an accounting, equitable subordination, and other related relief.  See Bankr. D.E. 106.  Notably, the Trustee did not sue Letsios in this adversary proceeding though he had the discretion to do so.

In this adversary proceeding, the Trustee alleges that Avdoulos' attempted termination of leases, through the Landlord Entities, for the Debtor's failure to pay rent beginning from a couple of months prior to its bankruptcy petition constituted a breach of his fiduciary duty, duty of loyalty, and duty of care to the Debtor because these actions affected the Debtor's "blue sky value," the Debtor's most valuable asset.  See Bankr. D.E. 106 at ¶¶ 106-138.  Further, the Trustee seeks to recover certain transfers made by Avdoulos along with related relief.  Id. at ¶¶ 139-209.

Letsios is not alleged to have any dealings, interest, or participation in the conduct the Trustee seeks to redress in this adversary proceeding, and the Third-Party Plaintiffs do not allege that Letsios had any such dealings, interest, or participation in said conduct nor with the Landlord Entities.  Notwithstanding, on August 26, 2019, the Third-Party Plaintiffs filed a third-party complaint against, *inter alia*, the Management Defendants.  <u>See</u> Adversary Proceeding Docket Entry (hereinafter "<u>Adv. Pro. D.E.</u>") 24.  The Third-Party Plaintiffs amended their third-party complaint as a matter of right on September 16, 2019.  <u>See</u> <u>Adv. Pro. D.E.</u> 26.  In their most recent complaint, the Third-Party Plaintiffs allege that the Management Defendants engaged in several schemes, in pertinent part to this motion: **(i)** purposely driving the Debtor to insolvency in order to purchase the Debtor's assets and/or acquire the Debtor for below market value; and **(ii)** purchasing a separate dealership using funds looted and diverted from the Debtor.  <u>See</u> <u>Adv. Pro. D.E.</u> 26 at ¶¶ 53-61, 65-70, 80-84, 94-96; <u>see</u> <u>also</u> <u>Kataev</u> <u>Decl.</u> ¶ 3, <u>Ex.</u> A

The subpoenas seek the same information from each Subpoenaed Party, namely: (i) information about Letsios' agreements to purchase real property in relation to his putative ownership of a dealership at such real property; (ii) information about payments made by Letsios in relation to the aforesaid agreements; (iii) information about payments made by other Third-Party Defendants in this adversary proceeding; (iv) any additional agreements between Letsios and certain other third parties; (v) all documents provided by Letsios and others in connection with any such agreements or transactions; (vi) complete and true copies of any such agreements; and (vii) all correspondence relating to any such agreements.  <u>See</u> <u>Kataev</u> <u>Decl.</u> ¶ 5, <u>Ex.</u> C.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a nonparty for the production of documents. <u>See</u> Fed. R. Civ. P. 45(a)(1).

Under Rule 45(d), the subpoena recipient may move to quash or modify the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." See Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." See Night Hawk Ltd. v. Briarpatch Ltd., No. 03-CIV.-1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003).

"A subpoena that pursues material with little apparent or likely relevance to the subject matter ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." See Kirschner v. Klemons, No. 99-CIV.-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (internal quotation marks and citation omitted).

The relevance standards set out in Federal Rule of Civil Procedure 26(b)(1) apply to discovery sought from non-parties. See Citizens Union of City of N.Y. v. Attorney General of N.Y., 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (citing Malibu Media, LLC v. Doe, No. 15-CIV.-3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sep. 29, 2016)). Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

See Fed. R. Civ. P. 26(b)(1).

"The party seeking discovery bears the initial burden of proving the discovery is relevant." See Citizens Union of City of N.Y., 269 F. Supp. 3d at 139.

If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden. See Griffith v. United States, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." See Night Hawk Ltd., 2003 WL 23018833, at *8.

Where a subpoena seeks discovery from a non-party, the district court may consider factors such as the expense or inconvenience that compliance would cause. See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996). The trial court has broad discretion to determine whether a subpoena imposes an undue burden. See Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y. 2003).

## IV.    ARGUMENT

### A.    Fed. R. Civ. P. 26 and Fed. R. Bankr. P. 7026 Prohibit the Subpoenas

Rule 26 of the Federal Rules of Civil Procedure, as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). See Fed. R. Civ. P. 26(d)(1); see also Fed. R. Bankr. P. 7026. The parties in this case have not conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. This adversary proceeding is in its nascent stages and this Court has held it in abeyance pending a decision from the Eastern District concerning withdrawal of the reference to this Court.

For this reason alone, not only must the subpoenas be quashed, but a protective Order should be issued by the Court prohibiting discovery until the Third-Party Plaintiffs comply with the rules of this court.  See Desilva v. N. Shore-Long Island Jewish Health Sys. Inc., No. 10-CIV.-1341 (JFB) (ETB), 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010) ("For the foregoing reasons, I find that defendants herein are entitled to a protective order forbidding any discovery from taking place prior to the required Rule 26(f) conference. Plaintiffs may not issue any subpoenas—whether directed to parties or non-parties—until after they have participated in a Rule 26(f) conference. Any previously issued non-party subpoenas are accordingly quashed").

### B.  The Subpoenas Must be Quashed Because They Seek Irrelevant Information

In the event this Court determines that the subpoenas may be issued absent the parties' engagement in a Rule 26(f) conference (which it should not), the subpoenas must be quashed in any event because they seek irrelevant information.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." See Fed. R. Civ. P. 26(b)(1).  Rule 45 authorizes this Court to quash, modify, or condition a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. See Fed. R. Civ. P. Rule 45(c)(3)(B)(i); see also Copantitla v. Fiskardo Estiatorio, Inc., 2010 U.S. Dist. LEXIS 33430 (S.D.N.Y. Apr. 5, 2010); In re Flag Telecom Holdings, Ltd., 2006 U.S. Dist. LEXIS 69140 S.D.N.Y. Sep. 13, 2006); Sierra Rutile Ltd. v. Katz, 1994 U.S. Dist. LEXIS 6188 (S.D.N.Y. 1994).

Here, the documents sought bear no relationship to the issues that are involved in this adversary proceeding, and to the extent any such documents are relevant, they are likely to be in the possession, custody, and control of the Management Defendants.

The crux of the Third-Party Plaintiffs' claims against the Management Defendants is that Letsios purposely drove the Debtor to insolvency in order to purchase the Debtor's assets and/or acquire the Debtor for below market value; and that he purchased a separate dealership using funds allegedly looted and diverted from the Debtor.[1]

As such, the only arguably relevant evidence the Third-Party Plaintiffs may be entitled to seek are those of the source of the funds that Letsios used to enter into any agreement; nothing more.  In that regard, the Third-Party Plaintiffs' use of these subpoenas is premature, as Letsios theoretically should have possession, custody, and control of any such documents.  Your undersigned is not aware of any such discovery demands being directly made to Letsios.  In fact, it is your undersigned's understanding that the parties in this adversary proceeding have not yet held any discovery conference or set a discovery schedule in this case as required by Rule 26(f) and Rule 26(d)(1) for any discovery whatsoever to proceed.

The remaining documents sought in the subpoenas are wholly irrelevant to resolving the issues in this nascent adversary proceeding which currently awaits a decision from the Eastern District concerning whether the reference to this Court should be withdrawn.

### C.  The Subpoenas Must be Quashed to Protect Privileged & Confidential Matters

Moreover, § 463(2-b) of the New York Franchised Motor Vehicle Dealer Act (the "Act") states that "it shall be unlawful for any franchisor to provide financial information particular to a franchised motor vehicle dealer… that has been collected from such franchised motor vehicle dealer to any other franchised motor vehicle dealer…."

---

[1] It should be noted that these allegations are entirely inconsistent with each other.  Which one is it?  Are the Third-Party Plaintiffs claiming that Letsios drove the value of the Debtor down to purchase that dealership, or are they claiming that he looted funds from an otherwise devalued dealership in order to purchase a separate dealership?

One of the Third-Party Plaintiffs, Avdoulos, has an ownership interest in a franchised motor vehicle dealership in New York State.  If the Subpoenaed Parties were to share the documents demanded in the subpoenas, such as an Asset Purchase Agreement and accompanying financial information related to the sale of a dealership referenced in the subpoena, the Subpoenaed Parties would be in violation of the Act.

To the extent that any or all of the documents and information demanded in the subpoena relates to financial information of the owners of any dealership, the production of such information is prohibited by § 463(2-b) of the Act.

Further, the subpoenas seek information from attorneys such as the Labonte Defendants and Attorney Gentile, which imperils the attorney-client privilege.  In fact, as further set forth below, discovery should be stayed pending resolution of the conflict between the Labonte Defendants and Letsios.

### D.   The Subpoenas Impose an Undue Burden & Serve to Oppress & Harass

The Court must also quash the subpoenas because they subject all the Subpoenaed Parties to undue burdens.  See Fed. R. Civ. P. 45(c)(3)(A)(iv).  As set forth above, the only conceivably relevant information requested in the subpoenas should theoretically be held in the possession, custody, and/or control of Letsios himself.

As such, requiring any of the Subpoenaed Parties – with whom Letsios has business dealings – creates an entirely unnecessary burden upon them and Letsios, himself, because the subpoenas cast a black cloud over him as he works to earn a living.  The Management Defendants respectfully submit that hurting Letsios' relationships with individuals that he seeks to do business with was the sole purpose of issuing the subpoenas, and Letsios reserves all rights concerning seeking redress for these wrongs committed by the Third-Party Plaintiffs.

For this reason, too, this Court must quash the subpoenas.

### E.  A Stay of All Discovery Must be Issued Due to Conflicts & Withdrawal Motion

As set forth above, this Court has abstained from taking any action with this adversary proceeding until the Eastern District renders a decision on the Third-Party Plaintiffs' motion for withdrawal of the reference.  As such, there is no sense or purpose in conducting a Rule 26(f) conference until said motion is decided, and there is therefore no basis to allow the Third-Party Plaintiffs' unfettered subpoena power in this adversary proceeding given their abuse of said power in violation of the rules.

Further, once a decision is rendered by the Eastern District, the Management Defendants will seek a ruling from the court in which this case will sit concerning privileged documents and communications as it relates to both the Labonte Defendants and Attorney Gentile.

### V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court quash the subpoenas and stay all discovery.

Dated: Lake Success, New York
        July 27, 2020

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Management Defendants*

11