

**ROBERT D. NOSEK**
OF COUNSEL
DIRECT DIAL 516.296.7171
rnosek@certilmanbalin.com

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

July 18, 2022

**Via ECF**
The Honorable Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

        Re: *Northern Boulevard Automall, LLC.*
           *d/b/a Long Island City Volkswagen*
           *Chapter 11*
           *Case No. 19-41348-nhl*

           *Ricard J. McCord, Esq., as Chapter 7 Trustee of*
           *Northern Boulevard Automall, LLC, d/b/a Long*
           *Island City Volkswagen, Plaintiff v. 5615 Northern*
           *LLC, 142 North LLC, 54 Bway LLC, Dio Long*
           *LLC, 2545 Borden LLC, Dio North LLC, Valley*
           *Merrick LLC and Spyro Avdoulos, Defendants*
           *(collectively, the "Defendants").*
           *Adv. Pro. No. 19-01070-nhl*

Dear Judge Lord:

   We are counsel to Richard J. McCord, Esq. (the "Trustee"), as chapter 7 trustee of the estate of Northern Boulevard Automall, LLC (the "Debtor") and plaintiff in the above referenced adversary proceeding 19-1070-nhl. During the most recent pre-trial conference held by the Court on June 30, 2022, Your Honor gave the parties the opportunity to address discovery issues in this pending adversary proceeding while we await a decision from the U.S. District Court on Defendants' motion to withdraw the reference (the "Motion"). The District Court held a conference on that pending Motion on July 7, 2022, and indicated that the submissions were being reviewed, but gave no timetable for a possible decision.

   Rule 5011(c) of the Federal Rules of Bankruptcy Procedure provides that the filing of a motion to withdraw the reference does "not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." FED. R. BANKR. P. 5011(c).

As we discussed with Your Honor at the last pre-trial conference, the Trustee believes, and hereby requests, that at this point discovery should be initiated for the claims he asserts against the Defendant in his complaint [Adv. ECF Doc. No. 1] (the "Complaint") notwithstanding the pending Motion so that the Trustee can continue to move forward with his administration of the Debtor's case. Such process should also include discovery on the affirmative defenses raised by the Defendants in their answer [Adv. ECF Doc. No. 23] (the "Answer," and collectively with the Complaint, the "Trustee Action"). Although the District Court has indicated that it is in the process of reviewing the Motion, there is no assurance that a decision will be coming forthwith, and more than two years has passed since that motion was fully briefed. The Trustee believes that moving forward on the Trustee Action is appropriate at this time as it is one of the few remaining issues for the Trustee to address in administering the Debtor's estate, and it involves seeking a recovery in excess of $3,000,000.

Upon the Court establishing a discovery deadline, which the Trustee requests ninety-days for fact discovery, the Trustee will promptly serve appropriate discovery demands on each of the Defendants. The Trustee reserves the right to seek discovery from non-party witnesses as well, which may include certain persons that may be third-party defendants in the Defendants' third-party complaint which was filed within the Trustee's above-referenced adversary proceeding. The Trustee is not a party to that third-party complaint. The Trustee submits that the Court's discretion under Rule 5011(c) is broad, and that the Court could craft appropriate discovery guidelines in establishing a discovery deadline for the Trustee Proceeding. For instance, any discovery outside of that sought by the Trustee against the Defendants and vice-versa, should be treated as non-party discovery, with all of the rights and protections afforded non-party witnesses under the Federal Rules of Bankruptcy Procedure as incorporating the Federal Rules of Civil Procedure.

At this time, we respectfully request that at the next pre-trial conference, scheduled for August 17, 2022, at 2:30 p.m., the Court establish a fact discovery deadline so that the Trustee may move this adversary proceeding forward.

Thank you.

    Respectfully,

    /s/Robert D. Nosek
    Robert D. Nosek

RDN:

cc:    Richard J. McCord, Esq.
    George Sitaras, Esq. (via email)
    Richard Diorio, Esq. (via email)
    Janice B. Grubin, Esq. (via email)

Robert K. Gross, Esq. (via email)
Emanuel Kataev, Esq. (via email)
Spencer Alvin Richards, III, Esq. (via email)
Jeffrey Wurst, Esq. (via email)