**BARCLAY DAMON** LLP

**Robert K. Gross**
*Partner*

**Janice B. Grubin**
*Partner*

August 1, 2022

**Via ECF**
The Honorable Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: **In re Northern Boulevard Automall, LLC, Chapter 7 Case No. 19-41348-nhl,**

**Adv. Pro. No. 19-01070-nhl (the "Avdoulos Adversary Proceeding"):  (A) Main Action** by Ricard J. McCord, as Chapter 7 Trustee, against 5615 Northern LLC, 142 North LLC, 54 Bway LLC, Dio Long LLC, 2545 Borden LLC, Dio North LLC, Valley Merrick LLC and Spyro Avdoulos (collectively, the "Avdoulos Parties"), and **(B) Third-Party Action** by the Avdoulos Parties against Nikolaos Letsios, Marina Letsios, Janet Bebry, Goerge Papantoniou, Valley Auto Show, John Marciano, Respect Auto Queens I, LLC, Stevan H. Labonte and Labonte Law Group

Dear Judge Lord:

We submit this letter on behalf of Respect Auto Queens I LLC and John Marciano (the "Respect Parties"), who are defendants in the Third-party Action in this Adversary Proceeding and against whom the Trustee has no action or proceeding, (a) in response to the Trustee's letter to the Court, dated July 18, 2022, seeking the commencement of discovery in the Trustee's Main Action against Spiros Avdoulos, one of the two pre-petition owners of the Debtor, and companies that he controls (the Avdoulos Parties), and (b) in support of the Respect Parties' request that the Court proceed to hear argument on the pending motions to dismiss the Third-Party Complaint and rule on those motions prior to the commencement of discovery, including in the Main Action.

As pointed out in the Trustee's July 18 letter to the Court, the Main Action in this Adversary Proceeding seeks recoveries from the Avdoulos Parties for the Debtor's estate in excess of $3 million.  In keeping with the direction of the Court at the conference held on June 30, 2022, the Trustee's July 18 letter seeks the commencement of discovery only with respect to the Trustee's claims in the Main Action against the Avdoulos Parties. However, it is anticipated that Avdoulos and the companies he controls will try to use discovery in the main action as a vehicle to seek discovery respecting Third-Party Defendants (albeit in their capacities as non-parties in the Main Action), all in an effort to obfuscate and delay the Trustee's claims against the Avdoulos Parties themselves, as well as the Adversary Proceeding overall.

Hon. Nancy Hershey Lord
August 1, 2022
Page 2

By way of background, the history of this Adversary Proceeding is replete with such maneuvers by the Avdoulos Parties. Following service of the Complaint in the Main Action in May, 2019, the Avdoulos Parties served a Third-Party Complaint and then an Amended Third-Party Complaint against a myriad of third-parties, ranging from an alleged prior counsel to Avdoulos (the LaBonte firm), to an alleged contract purchaser of Debtor assets (Respect Auto Queens I). (*See* Amended Third-Party Complaint, ECF DOC No. 26, at paragraphs 43 and 65, respectively). The thrust of the Avdouls Parties' Third-Party Action is their contention that these various Third-Parties allegedly caused a variety of harms to the Debtor which, in turn, allegedly caused Avdoulos to incur liability with respect to his guarantees of Debtor obligations. (*See* ECF DOC No. 26 at ¶¶ 3-5, 17, 190 and 206). As pointed out in motions to dismiss the Third-Party Complaint the Avdoulos Parties' claims against the Respect Parties are plainly and admittedly derivative and should be dismissed as a matter of law on that ground alone, as well as for other independent reasons set forth in the Motions (See DOC Nos. 52, 61, 77 and 78). Then, on the eve of the oral argument before Your Honor of the motions to dismiss the Third-Party Complaint, scheduled for January 21, 2020 (DOC No. 70), the Avdoulos Parties moved to withdraw the reference of the Adversary Proceeding to the United States District Court (DOC No. 73). The hearing of the Motions to dismiss the Third-Party Complaint has now been delayed for two and half years.

We respectfully submit that the best way for the Court to keep discovery in this Adversary Proceeding focused on the Trustee's claims in the Main Action and to keep such discovery simple and straightforward is to rule in advance on the Motions to Dismiss the Third-Party Action. Granting motions to dismiss the derivative claims that the Avdoulos Parties seek to interpose against third parties before proceeding with discovery in the Main Action will simplify such discovery, prevent the Avdoulos Parties from using such discovery to further delay the proceedings in the Main Action, and reduce the number of parties who would otherwise feel the need to participate in such discovery.

In support of this request, we take this opportunity to point out that the pendency of the Avdoulos Parties' Motion to Withdraw the reference in the District Court before Judge Rachel Kovner poses **no impediment** to this Court's ruling on the Motions to Dismiss the Third-Party Complaint as a matter of law. To the contrary, as pointed out in the Trustee's July 18 letter, Rule 5011 (c) of the Federal Rules of Bankruptcy Procedure expressly provides, in pertinent part, that the filing of a motion to withdraw the reference does "not stay the administration of the case or any proceedings therein before the bankruptcy judge…."

In keeping with Bankruptcy Rule 5011 (c),  Administrative Order 601 of the United States District Court for the Eastern District of New York (2012) provides that matters designated as  "core" proceedings" (affecting the administration of a bankruptcy estate), but as to which either court has determined that the Bankruptcy Court may not enter a final judgment, are to be  ruled upon by the Bankruptcy Court in the first instance and then sent to the District Court, which treats the Bankruptcy Court's rulings as "proposed findings of fact and conclusions of law." (https://www.nyeb.uscourts.gov/sites/nyeb/files/general-ordes/ord_601.pdf).

Similarly, under 28 USC Section 157 (c), "related" proceedings that are not "core" are to be adjudicated by the Bankruptcy Court in the first instance through the issuance of "proposed findings of fact and conclusions of law" which then get submitted to the District Court for entry of any "final judgments."

Hon. Nancy Hershey Lord
August 1, 2022
Page 3

      The Bankruptcy Court thus plainly has jurisdiction to rule upon the pending Motions to Dismiss the Third-Party Complaint at this juncture, and then send its rulings on the motions to the District Court as a report and recommendation.

      It also bears noting that, if it were not for the efforts of Respect Auto Queens I LL'.s affiliate, Respect Auto Queens II LLC, to keep the Debtor in existence during the pendency of the Chapter 11 Portion of the Bankruptcy Case, with hundreds of thousands of dollars of capital infusions, and finally to consummate the purchase of Debtor Assets as the only bidder, the liabilities of Mr. Avdoulos would only have been much greater in a full doomsday scenario.

      In summary, we respectfully submit that ruling on the motion by Respect Auto Queens I and John Marciano to dismiss the Avdoulos Parties' Third-Party Complaint as against them will clarify and simplify any discovery to be had in the Trustee's Main Action against the Avdoulos Parties. The Court has jurisdiction to decide the Motions to Dismiss, and the best time to do so would be now, before any discovery, including discovery in the Main Action, commences.

      Thank you.

                                           Respectfully,

                                           /s/_____
                                           Janice B. Grubin and
                                           Robert K. Gross

cc:      Richard J. McCord, Esq. (via email)
          Robert D. Nosek, Esq. (via email)
          George Sitaras, Esq. (via email)
          Richard Diorio, Esq. (via email)
          Emanuel Kataev, Esq. (via email)
          Spencer Alvin Richards, III, Esq. (via email)
          Jeffrey Wurst, Esq. (via email)