# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 1, 2022

**VIA ECF**
United States Bankruptcy Court
Eastern District of New York
<u>Attn</u>: Hon. Nancy Hershey Lord, U.S.B.J.
271 Cadman Plaza East
Suite 1595
Brooklyn, NY 11201

        *Re:*    *In re* **Northern Boulevard Automall, LLC**
               **Chapter 11**
               **Case No.: 19-41348-nhl**
               **McCord v. 5615 Northern LLC,** *et al.*
               <u>**Adv. Pro. No.: 19-1070-nhl**</u>

Dear Judge Lord:

      This office represents the Third-Party Defendants Nikolaos Letsios, Marina Letsios, and Janet Bebry (hereinafter the "Management Defendants") in the above-referenced adversary proceeding concerning Debtor Northern Boulevard Automall, LLC d/b/a Long Island City Volkswagen (the "Debtor").

      By way of background, Nikolaos Letsios and Spyros Avdoulos ("Avdoulos") were business partners of the Debtor whose relationship had soured given challenges faced by the Debtor prior to the filing of the instant petition. Avdoulos owns all the entities (the "Landlord Entities") named in the complaint filed by the Trustee in this adversary proceeding and was the monied individual in the business relationship with Nikolaos Letsios.

      The Management Defendants submit that discovery should be stayed pending a decision on the motions to dismiss. Courts have discretion to stay discovery while a dispositive motion, such as a motion to dismiss, is pending. See <u>Transunion Corp. v. PepsiCo, Inc.</u>, 811 F.2d 127, 130 (2d Cir. 1987) (district court's stay of discovery pending motion to dismiss not abuse of discretion). Such stays may be granted where good cause is shown. See <u>Thomas v. New York City Dep't of Educ.</u>, No. 09-CIV.-5167 (SLT), 2010 U.S. Dist. LEXIS 95798, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010), <u>adopted</u>, 2011 U.S. Dist. LEXIS 32801, 2011 WL 1225972 at *21 (E.D.N.Y. Mar. 29, 2011). In considering whether good cause has been demonstrated, courts look to the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id. (citation omitted). A stay of discovery pending resolution of a potentially dispositive motion is appropriate where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law. See <u>Computer Assocs. Int'l, Inc. v. Simple.com, Inc.</u>, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

Here, a review of these factors militates in favor of staying discovery while the motions to dismiss remain *sub judice*. With respect to the first factor, the Defendants have made a strong showing as to the lack of merit in the Third-Party Plaintiffs' third-party complaint, as is evidenced in their memoranda of law in support of their motions to dismiss. As to the second factor, given that the Third-Party Plaintiffs have asserted thirteen (13) distinct causes of action, it is beyond cavil that the breadth of discovery will be large and the burden in responding to discovery demands will be overwhelming; even if the motions to dismiss are not completely successful, they will serve in winnowing down the nature and extent of the discovery to be had. With respect to the final factor, the Third-Party Plaintiffs nor the Trustee can claim any prejudice whatsoever by the delay of time alone. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (holding, in the context of deciding whether to grant leave to amend pleadings, that mere delay does not constitute prejudice) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Further, as discussed at the conference, the Third-Party Plaintiffs are deep-pocketed and should not be permitted to engage in a war of attrition by burying the Management Defendants in legal fees related to discovery. Indeed, this Court has previously stayed discovery because the Third-Party Plaintiffs jumped the gun in firing off subpoenas and issuing discovery demands where no Rule 26 conference had been held between the parties. See Docket Entries 80-83.

Accordingly, discovery should be stayed pending a decision on the motions to dismiss. The Management Defendants thank this Court for its time and attention to this appeal.

Dated: Lake Success, New York
       Augus 1, 2022                Respectfully submitted,

                                           **MILMAN LABUDA LAW GROUP PLLC**

                                           /s/
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

**VIA ECF**
All parties of record