

From the Desk of Richard Diorio, Esq.
Email: richard@sitaraslaw.com
Bar Admissions: New York

August 1, 2022

**VIA ECF**
Hon. Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

          **Re:**   *Northern Boulevard Automall, LLC*
                *d/b/a Long Island City Volkswagen*
                **Case No. 19-41348-nhl**

                *Ricard J. McCord, Esq., as Chapter 7 Trustee of*
                *Northern Boulevard Automall, LLC, d/b/a Long*
                *Island City Volkswagen v. 5615 Northern*
                *LLC, 142 North LLC, 54 Bway LLC, Dio Long*
                *LLC, 2545 Borden LLC, Dio North LLC, Valley*
                *Merrick LLC and Spyro Avdoulos*
                **Adv. Pro. No. 19-01070-nhl**

Dear Judge Lord:

      We are attorneys for 5615 Northern LLC, 142 North LLC, 54 Bway LLC, Dio Long LLC, 2545 Borden LLC, Dio North LLC, Valley Merrick LLC and Spyro Avdoulos (colectively the "Landlord Entities"). We write as directed by the Court at the June 30, 2022 conference in response to Trustee Richard J. McCord's (the "Trustee") July 18, 2022 letter seeking to begin discovery in this adversary proceeding.

      The Landlord Entities believe it is premature to begin discovery, and respectfully submit that discovery should not commence until the Landlord Entities' motion to withdraw the reference ("Motion") is decided. While the Trustee is correct that the Motion does not automatically stay discovery in this adversary proceeding, it is within the Court's discretion to wait before ordering discovery to proceed, particularly where, as here, the action may be removed. There can be no

prejudice to the Trustee or other parties to this action in waiting to begin discovery until a decision is rendered on the Motion, as discovery has been effectively stayed for over two years.

      To the extent that the Court does order discovery to proceed, the Landlord Entities respectfully submit that discovery should proceed on all claims in this adversary proceeding, not just those of the Trustee. The Landlord Entities are seeking recovery from several third-party defendants, as it was their bad acts that caused the Landlord Entities significant damages and contributed to amounts the Trustee is now seeking to recover from the Landlord Entities. It would be highly prejudicial to the Landlord Entities to be subject to discovery that may lead to their paying damages while being barred from obtaining discovery from third-party defendants to offset or mitigate those damages, or to obtain indemnification.

      If the Court orders discovery to proceed the Landlord Entities request at least one-hundred and twenty days to complete fact discovery.

      Respectfully submitted,

      */s/ Richard Diorio*
      Richard Diorio

cc: All Counsel (via ECF)