UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
*In re*: NORTHERN BOULEVARD
AUTOMALL, LLC, *d/b/a* LONG ISLAND         **MEMORANDUM AND ORDER**
CITY VOLKSWAGEN,
                                           20-MC-142 (RPK)
          Debtor,
-----------------------------------------------------------x
RICHARD J. MCCORD, ESQ., *as Chapter 11
Trustee for the estate of Northern Boulevard
Automall, LLC, d/b/a Long Island City
Volkswagen*,
          Plaintiff,

          v.

5615 NORTHERN, LLC, 142 NORTH, LLC,
54 BWAY, LLC, DIO LONG, LLC,
2545 BORDEN, LLC, DIO NORTH, LLC,
VALLEY MERRICK, LLC, and SPYRO
AVDOULOS,

          Defendants.
-----------------------------------------------------------x
5615 NORTHERN, LLC, 142 NORTH, LLC,
54 BWAY, LLC, DIO LONG, LLC,
2545 BORDEN, LLC, DIO NORTH, LLC,
VALLEY MERRICK, LLC, and SPYRO
AVDOULOS,

          Third-Party Plaintiffs,

          v.

NIKOLAOS LETSIOS *a/k/a* NICK LETSIOS,
MARINA LETSIOS, JANET BEBRY,
GEORGE S. PAPANTONIOU, VALLEY
AUTO SHOW, LLC, JOHN MARCIANO,
RESPECT AUTO QUEENS I, LLC, STEVEN
H. LABONTE, and LABONTE LAW
GROUP PLLC,

          Third-Party Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

1

5615 Northern, LLC, 142 North, LLC, 54 Bway, LLC, Dio Long, LLC, 2545 Borden, LLC, Dio North, LLC, Valley Merrick, LLC, and Spyro Avdoulos ("Third-Party Plaintiffs") move pursuant to 28 U.S.C. § 157(d) to withdraw the reference of this proceeding from the United States Bankruptcy Court for the Eastern District of New York. For the reasons set forth below, the motion is denied.

## BACKGROUND

In March 2019, Northern Boulevard Automall, LLC ("Northern") filed for Chapter 11 bankruptcy in the Eastern District of New York. *See* Bankruptcy Petition #1-19-41348 ("B.P.") Dkt. #1 at 4-5. Richard J. McCord was appointed as Trustee. B.P. Dkt. ##60-62.

On May 29, 2019, the Trustee began an adversary proceeding against the Third-Party Plaintiffs. *See* B.P. Dkt. #106 at 3-4. The Trustee brought claims for breach of contract, breach of fiduciary duty, avoidance and recovery of certain fraudulent conveyances, avoidance of preferential transfers, and unjust enrichment. *Id.* ¶¶ 106-209. He sought various forms of equitable relief, including an accounting, equitable subordination, an injunction, and a voiding and recession of certain transfers. *Id.* ¶¶ 129-98, 207-08. He also sought money damages. *Id.* ¶¶ 199-206.

The Third-Party Plaintiffs filed an answer to the Trustee's complaint on August 12, 2019. *See* Adversary Proc. #19-ap-1070 ("A.P.") (Dkt. #23). At that time, they did not move to withdraw the reference. *Ibid.*

Fourteen days later, the Third-Party Plaintiffs filed a third-party complaint against Northern's majority owner, Nikolaos Letsios, and managers Marina Letsios and Janet Bebry, as well as George S. Papantoniou, John Marciano, Valley Auto Show, LLC, Respect Auto Queens I, LLC, Stevan H. LaBonte, and LaBonte Law Group PLLC (collectively, the "Third-Party Defendants"). *See* A.P. Dkt. ##24 ¶¶ 7-15 (complaint), 26 ¶¶ 8-18 (amended complaint). The

Third-Party Plaintiffs did not list Northern, Northern's estate, or the Trustee as Third-Party Defendants. *See generally* A.P. Dkt. #26. The third-party complaint alleges (i) breach of fiduciary duty; (ii) breach of contract; (iii) fraud and constructive fraud; (iv) tortious interference with business advance, economic advantage, and/or contract; (v) civil conspiracy; (vi) indemnification; (vii) contribution; and (viii) deceit. *Id.* ¶¶ 110-235. The Third-Party Plaintiffs sought money damages to be determined at trial, as well as a declaratory judgment. *Id.* at 35-38.

Papantoniou filed an answer to the third-party complaint that included cross-claims. A.P. Dkt. #34. The Third-Party Plaintiffs, in turn, answered the cross-claims on November 18, 2019. A.P. Dkt. #49.

Several Third-Party Defendants then moved to dismiss the third-party complaint. *See* A.P. Dkt. ##51, 60.

On January 14, 2020, the Third-Party Plaintiffs filed the present motion to withdraw reference to bankruptcy court of the entire adversary proceeding between the Trustee and the Third-Party Plaintiffs. *See* Mot. for Withdrawal Reference Bankruptcy Court AP case number 19-1070, at 1 (Dkt. #1) ("Mot. for Withdrawal"); Trustee's Mem. of L. in Support of Objection to Mot. for Withdrawal of the Reference 1 (Dkt. #11) ("Trustee's Opp'n") (noting that the Third-Party Plaintiffs appeared to seek to withdraw reference of the Trustee's entire adversary proceeding); Reply Mem. of L. of Defendants/Third-Party Pls. 4-5, 8 (Dkt. #13) ("Reply") (clarifying that the Third-Party Plaintiffs seek to withdraw reference of the Trustee's entire adversary proceeding). The Third-Party Plaintiffs principally argue that the reference should be withdrawn because the bankruptcy court lacks statutory authority to enter final judgment on Third-Party Plaintiffs' claims. They argue that it would therefore waste judicial resources to have those claims adjudicated in the bankruptcy court.

3

Six days later, the Third-Party Plaintiffs filed a reply to the Third-Party Defendants' motions to dismiss in the adversary proceeding. *See* A.P. Dkt. #78.

**DISCUSSION**

The Eastern District of New York has a standing order that automatically refers bankruptcy cases to the Bankruptcy Court. *Eastern District Administrative Order* 264 (1986) ("1986 Standing Order"); *see Thaler v. Parker*, 525 B.R. 582, 584 (E.D.N.Y. 2014). Nevertheless, a "district court may withdraw, in whole or in part, any case or proceeding" referred to a bankruptcy court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Two words in Section 157 are relevant here: "cause" and "timely." Since the Third-Party Plaintiffs' motion to withdraw the reference satisfies neither requirement, the motion is denied.

**I.     Timeliness**

The motion for withdrawal is untimely. Section 157 does not itself define "timely," but courts in this Circuit "have defined timely to mean as soon as possible after the moving party has notice of the grounds for withdrawing the reference." *Roman Cath. Diocese of Rockville Ctr. v. Certain Underwriters at Lloyds, London & Certain London Mkt. Companies*, 634 B.R. 226, 233 (S.D.N.Y. 2021) (citation and internal quotation marks omitted); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 20-CV-1186 (LTS), 2020 WL 5370576, at *3 (S.D.N.Y. Sept. 8, 2020). "Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely." *In re FMI Forwarding Co., Inc.*, No. 00-BR-41815 (CB), 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (citations omitted).

Applying these principles, the Third-Party Plaintiffs should have filed their motion for withdrawal by the time they filed their answer. From the outset, the Trustee's complaint contained

numerous common-law claims. *See generally* B.P. Dkt. #106. The Third-Party Plaintiffs argue that those common-law claims cannot be finally adjudicated by the bankruptcy court. *See* Mot. for Withdrawal 7-12; Reply 4-9. But almost eight months passed between the date when the Trustee filed the adversary proceeding and the date when the Third-Party Plaintiffs moved for withdrawal. *Compare* B.P. Dkt. #106 (May 29, 2019), *with* Mot. for Withdrawal (Jan. 14, 2020). So the Third-Party Plaintiffs had "notice of the grounds for withdrawing the reference," *Roman Cath. Diocese of Rockville Ctr.*, 634 B.R. at 233, as soon as the Trustee's complaint was filed. And they were able to file an answer to the Trustee's complaint within a couple months. *See* A.P. Dkt. #23 (August 12, 2019). It would have been "possible" for the Third-Party Plaintiffs to file a motion for withdrawal at roughly the same time. *Roman Cath. Diocese of Rockville Ctr.*, 634 B.R. at 233; *see, e.g.*, *In re FMI Forwarding Co., Inc.*, 2005 WL 147298, at \*6-7 (finding a motion for withdrawal untimely where movant was aware of the adversary proceeding and filed an answer long before moving for withdrawal).

Indeed, even if the Third-Party Plaintiffs had sought to withdraw the reference as to only their third-party complaint, their motion would still be untimely. Over four months passed between the date when the Third-Party Plaintiffs filed their third-party complaint and when they moved for withdrawal. *Compare* A.P. #24 (August 26, 2019), *with* Mot. for Withdrawal (Jan. 14, 2020). At a minimum, they had notice of the grounds for withdrawing the reference by the date they filed their third-party complaint, and it would have been possible for them to file a motion for withdrawal at the same time. *Roman Cath. Diocese of Rockville Ctr.*, 634 B.R. at 233.

In addition, the Third-Party Plaintiffs' motion screams of forum shopping. The Third-Party Plaintiffs did not seek to withdraw the reference before answering the Trustee's complaint or Papantoniou's cross-claim. *See* A.P. Dkt. #23 (initial answer); A.P. Dkt. #49 (answer to cross-

claim). Instead, they waited until after receiving the Third-Party Defendants' motions to dismiss. That timing suggests that the Third-Party Plaintiffs were "attempting to preempt the Bankruptcy Court from deciding the pending" motion. *In re FMI Forwarding Co., Inc.*, 2005 WL 147298, at \*6 (brackets and internal quotation marks omitted); *Drew v. WorldCom, Inc.,* No. 06-CV-3407 (JGK), 2006 WL 2129309, at \*3 (S.D.N.Y. July 26, 2019) (finding forum shopping where withdrawal motion was filed "only three weeks after [the defendant] moved in the Bankruptcy Court for summary judgment and for an order denying class certification"). The fact that they chose to first file their complaint in the bankruptcy proceeding and now seek to withdraw the reference also suggests tactical maneuvering. The motion for withdrawal is denied as untimely.

## II.    Cause

Even if their motion was timely, the motion would fail because the Third-Party Plaintiffs have not demonstrated cause.

Courts in this circuit consider several factors in determining whether a party has shown "cause" to withdraw a reference. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), instructed district courts to first assess whether a case involved "core matters," which bankruptcy courts have statutory authority to decide, or "non-core matters," as to which bankruptcy courts have statutory authority only to issue "proposed finds of fact and conclusions of law" subject to *de novo* review by the district court, 28 U.S.C. § 157. This threshold determination, the *Orion* Court stated, is "th[e] issue [on which] questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. After deciding that question, the *Orion* Court instructed, a court should consider whether the claim is "legal or equitable" and weigh "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Ibid*.

6

*Orion* predates *Stern v. Marshall*, 564 U.S. 462 (2011), in which the Supreme Court held that bankruptcy courts lack authority to issue final judgment in even some "core" proceedings. *Id.* at 469, 482. Since *Stern*, many courts have treated the first-stage inquiry as whether the bankruptcy court has authority to finally adjudicate the matter, rather than whether the claim is core or non-core. *See, e.g.*, *In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012); *Messer v. Magee (In re FKF 3, LLC)*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016). I do so here, "because the core/non-core determination"—since it "is no longer dispositive of a bankruptcy court's authority to enter a final determination"—is "no longer" the issue upon which "questions of efficiency and uniformity will turn." *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Intern. Ltd.*, 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012).

Applying this framework, the Third-Party Plaintiffs have not shown cause to withdraw the reference. It is true that the first factor—whether the Bankruptcy Court has the authority to enter final judgment—weighs in favor of withdrawal. The parties agree that the Trustee's common-law claims for breach of contract, breach of fiduciary duty, and unjust enrichment all involve private rights that may not be finally adjudicated by the Bankruptcy Court. And courts have found that the Bankruptcy Court "may not enter final judgment on . . . claims for preferential treatment and fraudulent conveyance, even though these claims are characterized as 'core' under 28 U.S.C. § 157(b)(2)." *In re Jacoby & Meyers—Bankruptcy LLP*, No. 15-CV-7144 (RA), 2017 WL 4838388, *4 (S.D.N.Y. Oct. 25, 2017) (collecting cases).

But even when a bankruptcy court lacks authority to enter final judgment, "this factor is not dispositive of a motion to withdraw a reference." *In re Ne. Indus. Dev. Corp.*, 511 B.R. 51, 53 (S.D.N.Y. 2014) (collecting cases). And most of the other *Orion* factors weigh against the Third-Party Plaintiffs. First, the Bankruptcy Court will be the more efficient arbiter. The Bankruptcy

7

Court is most familiar with the facts of the adversary proceeding, having presided over it for several years, and held numerous hearings, including as recently as August 17, 2022. *See* Aug. 17, 2022 Minute Entries, A.P. The Bankruptcy Court is also deeply familiar with the facts of the underlying Chapter 11 petition, having entered numerous orders and held many hearings over the course of more than 350 docket entries. *See generally* B.P. "In light of its involvement in this action to date, the Bankruptcy Court is familiar with the facts of the case and is well positioned to handle this adversary proceeding." *In re Jacoby*, 2017 WL 4838388, at *5 (collecting cases).

Similarly, "the Bankruptcy Court's expertise in addressing the types of claims at issue in this case would enable it to most efficiently manage this case." *Ibid.* "Several of the Trustee's claims, including its claims for preferential treatment and fraudulent conveyances, are 'core' claims, with which bankruptcy courts have considerable experience." *Ibid.* "Even though the Bankruptcy Court does not have the authority to enter final judgment on these claims, its experience with claims of this nature would be useful in handling this case in an efficient manner." *Ibid.* (citing several cases).

In addition, as outlined above, concerns related to forum shopping exist in this case, *see* pp. 5-6, *supra*, and those concerns weigh against a finding of cause, *Orion,* 4 F.3d at 1101.

The remaining *Orion* factors do not justify a contrary result. Although some of the Trustee's claims are legal, the Trustee has not asserted a right to a jury trial. And while Third-Party Plaintiffs seek a jury trial to determine damages, "[c]ourts have denied motions to withdraw a reference in cases involving legal claims and jury demands where they have found that it would be more efficient for the Bankruptcy Court to handle pre-trial matters." *In re Ne. Indus. Dev. Corp.*, 511 B.R. at 54; *see Wong v. HSBC Bank USA (In re Lehman Bros. Holdings Inc.)*, 532 B.R. 203, 215 (S.D.N.Y. 2015) ("Plaintiffs' right to a jury trial, even if coupled with a finding that the

Bankruptcy Court cannot enter final judgment, does not compel withdrawing the reference until the case is ready to proceed to trial.") (internal quotation marks omitted).  The Third-Party Plaintiffs' claims are not yet trial ready, and as explained above, efficiency would be served by having the Bankruptcy Court handle pre-trial litigation.

Accordingly, taking the *Orion* factors together, the Third-Party Plaintiffs have not demonstrated cause to withdraw the reference.

## CONCLUSION

Because the Third-Party Plaintiffs' motion is untimely and because they have failed to show cause, their motion for withdrawal of the reference is denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 5, 2020
Brooklyn, New York