UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Northern Boulevard Automall, LLC,
d/b/a Long Island City Volkswagen,

                      Debtor.
-----------------------------------------------------------X
RICHARD J. MCCORD, ESQ. as Chapter 11
Trustee for the Estate of Northern Boulevard
Automall, LLC d/b/a LONG ISLAND CITY
VOLKSWAGON,

                      Plaintiff,
           v.

5615 NORTHERN, LLC 142 NORTH LLC,
54 BWAY, LLC, DIO LONG, LLC,
2545 BORDEN LLC, DIO NORTH, LLC,
VALLEY MERRICK LLC and
SPYRO AVDOULOS,

                      Defendants..
-----------------------------------------------------------X
5615 NORTHERN, LLC 142 NORTH LLC,
54 BWAY, LLC, DIO LONG, LLC,
2545 BORDEN LLC, DIO NORTH, LLC,
VALLEY MERRICK LLC and
SPYRO AVDOULOS,

                      Third Party Plaintiffs,

           v.

NIKOLAOS LETSIOS a/k/a NICK LETSIOS,
MARINA LETSIOS, JANET BEBRY, GEORGE
S. PAPANTONIOU, VALLEY AUTO SHOW, LLC,
JOHN MARCIANO, RESPECT AUTO QUEENS
I, LLC, STEVAN H. LABONTE AND LABONTE
LAW GROUP PLLS,

                      Third Party Defendants.
-----------------------------------------------------------X

Case No. 19-41348-nhl
Chapter 7

Adv. P. No. 19-01070-nhl

**RESPONSE IN PARTIAL SUPPORT OF PENDING MOTIONS
TO DISMISS THIRD PARTY PLAINTIFF COMPLAINT**

Richard J. McCord, Esq. (the "Trustee"), as the Chapter 7 Trustee of the estate (the "Estate") of Northern Boulevard Automall LLC d/b/a Long Island City Volkswagen (the "Debtor") by and through his counsel, Certilman Balin Adler & Hyman, LLP, hereby responds to and supports that part of (i) the Motion to Dismiss First Amended Third Party Complaint as Against Respect Auto Queens I, LLC and John Marciano [AP ECF Doc. Nos. 51-53, 77] (the "Respect Dismissal Motion"); (ii) the Third Party Defendants Nikolaos Letsios, Marina Letsios and Janet Bebry's Motion to Dismiss the Third-Party Complaint [AP ECF Doc. Nos. 60-62, 78] (the "Management Dismissal Motion"); (iii) Joinder of Third-Party Defendant George S. Papantoniou to Third Party Defendants' Nikolaos Letsios, Marina Letsios, and Janet Bebry's Motion to Dismiss the Third-Party Plaintiff's Third Party Complaint [AP ECF Doc. No. 96] (the "Papantoniou Dismissal Motion") and (iv) Joinder of Third-Party Defendants Stevan H. LaBonte and LaBonte Law Group, PLLC of Third-Party Defendants' Motion to Dismiss the First Amended Third-Party Complaint [AP ECF Doc. No. 97] (the "LaBonte Dismissal Motion," and collectively with the Respect Dismissal Motion, the Management Dismissal Motion and the Papantoniou Dismissal Motion, the "Dismissal Motions") that seek the dismissal of Defendants/Third-Party Plaintiffs 5615 Northern, LLC ("5615 Northern"), 142 North, LLC ("142 North"), 54 Bway, LLC ("54 Bway"), Dio Long, LLC ("Dio Long"), 2545 Borden, LLC ("2545 Borden"), Dio North, LLC (Dio North"), Valley Merrick, LLC ("Valley") and Spyro Avdoulos ("Avdoulos," and collectively with 5615 Northern, 152 North, 54 Bway, Dio Long, 2545 Borden, Dio North and Valley, the "Third-Party Plaintiffs") First Amended Third Party Complaint [AP ECF Doc. No. 26] (the "Amended Third-Party Complaint"), on the ground that the Third-Party Plaintiffs lack standing to bring any and all of the claims asserted in the Amended

2

Third-Party Complaint because they are actually derivative of direct claims owned by the Debtor's Estate and assertible only by the Trustee. As set forth herein, this Court should grant that part of the Dismissal Motions on the ground that Third Party Plaintiffs lack standing to assert any and all claims belonging to the Debtor's Estate.

1. All of the claims that the Third-Party Plaintiffs are attempting to assert against the Third-Party Defendants[1] in the Amended Third-Party Complaint are all derivative of direct claims that actually belong to the Debtor's estate and under the sole control of the Trustee to assert. *See, e.g.*, *Weidberg v. Barnett*, 752 F. Supp. 2d 301 (E.D.N.Y. 2010) (finding breach of fiduciary duty claims belong to LLC to be asserted by bankruptcy trustee); s*ee also Ochs v. Simon (In re First Central Financial Corp.)*, 269 B.R.502 (Bankr. E.D.N.Y. 2001). In making the determination under New York law as to whether an interest holder's claim is direct or derivatively owned by their company, "the critical question posed by the direct injury test is whether the damages a plaintiff sustains are derivative of an injury to a third party. If so, then the injury is indirect; if not, it is direct." *Excimer Assocs. V. LCA Vision, Inc.*, 292 F.3d 134, 139-140 (2d Cir. 2002).

2. The Avdoulos Defendants assert in the Amended Complaint that "[n]one of the claims…are derivative claims." ATPC ¶ 6. However, that assertion is flat-out wrong, even according to the Third-Party Plaintiffs. The four preceding paragraphs in the Amended Third-Party Complaint, allege as follows:

- "The claims in this third-party complaint arise out of the same nucleus of facts and circumstances as the main complaint filed by the Chapter 11 Trustee for Northern Boulevard Automall, LLC" (ATPC ¶ 2);

---

[1] "Third-Party Defendants" are herein defined as and include Respect Auto Queens I, LLC, John Marciano, Nikolaos Letsios, Marina Letsios, Janet Bebry, George Papantoniou, Stevan H. Labonte and Labonte Law Group, PLLC.

- "The claims asserted in this action seek to recover compensatory and punitive damages from the Third-Party Defendants based upon their wrongful conduct in connection with the management, finances, and operations of the Debtor's automobile dealership, including, but not limited to, their scheme to systematically loot and divert NBA's assets to other business ventures that were established for their own direct or indirect benefit, all at the expense of Third-Party Plaintiffs, who have been left exposed as an innocent target of the Plaintiff-Trustee" (ATPC ¶ 3);

- "The Third-Party Defendants caused NBA to default on certain of its financial obligations, leaving Avdoulos exposed to liability from creditors as the personal guarantor on those obligations" (ATPC ¶ 4); and

- "The Third-Party Defendants have provided false and misleading information, books and records to the Plaintiff-Trustee, in an effort to shift liability for NBA's debts to the Third-Party Plaintiffs."  ATPC ¶ 5.

3. A specific example of the derivative nature of the claims asserted in the Amended Third-Party Complaint, of which there are many throughout that complaint, is, for instance, the allegations of Letsios and other failing to turn over proceeds from vehicle sales to Volkswagen Credit, Inc. ("VCI"), resulting in the Debtor incurring an account deficit to VCI. *See* Cmpl. § 71-74.  Avdoulos then asserts he suffered "direct damages as a result of the [Debtor's] deficit." *Id.* § 75.  However, the direct injury was suffered by the Debtor, with Avdoulos derivatively harmed because of his guaranty.  *See Excimer Assocs.*, 292 F.3d at 139-40.

4. Thus, the Third-Party Plaintiff's allegations clearly reflect that any direct injury caused by the alleged acts or omissions of the Third-Party Defendants was to the Debtor in the first instance, *i.e.*, it was the Debtor's assets allegedly looted and the Debtor's obligations that were allegedly put into default.  Any damages alleged by the Third-Party Plaintiffs to have occurred to them were all resulting from the damage caused directly to the Debtor.

5. Based on the foregoing, it is clear that it was the Debtor in the first instance that was directly injured which only thereafter may have caused or will cause Avdoulos and/or the balance of the Third-Party Plaintiffs derivative injury.  Thus, this Court should find that all of

4

the claims asserted in the Amended Third-Party Complaint are derivative claims which the Third-Party Plaintiffs lack standing to assert.

6.  Accordingly, because the Third-Party Plaintiffs have no standing to bring the claims asserted in the Amended Third-Party Complaint, those claims should be dismissed and preserved for the benefit of the Debtor's Estate and its creditors with the Trustee deciding whether to bring or not to bring.

## CONCLUSION

For the foregoing reasons, the Trustee request that the Court enter an order dismissing the Amended Third-Party Complaint in its entirety, with those claims attempted by Third Party Plaintiff to be brought derivatively dismissed without prejudice to the Trustee being able to bring them on behalf of the Debtor's Estate, if and when appropriate, and granting such other and further relief that this Court may deem just and proper.

Dated: East Meadow, New York
       November 18, 2022

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Attorneys for Plaintiff/Party in Interest Richard J. McCord, as Chapter 7 Trustee of The Estate of Northern Boulevard Automall, LLC d/b/a Long Island City Volkswagen

By: /s/Robert D. Nosek
_____

**RICHARD J. MCCORD, ESQ.**
**Robert D. Nosek, Esq.**
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Phone: (516) 296-7000