**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NORTHERN BOULEVARD AUTOMALL, LLC, d/b/a LONG ISLAND CITY VOLKSWAGEN,<br><br>            Debtor. | Case No 19-41398-nhl<br>Chapter 11 |
| RICHARD J. MCCORD, ESQ., as Chapter 11 Trustee for the Estate of NORTHERN BOULEVARD AUTOMALL, LLC, d/b/a LONG ISLAND CITY VOLKSWAGEN,<br><br>            Plaintiff,<br><br>-against-<br><br>5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, and SPYRO AVDOULOS,<br><br>            Defendants. | Adv. Pro. No. 1-19-01070-nhl |
| 5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, and SPYRO AVDOULOS,<br><br>           Third-Party Plaintiffs,<br><br>-against-<br><br>NIKOLAOS LETSIOS a/k/a NICK LETSIOS, MARINA LETSIOS, JANET BEBRY, GEORGE S. PAPANTONIOU, VALLEY AUTO SHOW, LLC, JOHN MARCIANO, RESPECT AUTO QUEENS I, LLC, STEVAN H. LABONTE and LABONTE LAW GROUP PLLC<br><br>          Third-Party Defendants. | **MEMORANDUM OF LAW OF DEFENDANTS/THIRD-PARTY PLAINTIFFS 5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, AND SPYRO AVDOULOS, IN OPPOSITION TO THIRD-PARTY DEFENDANTS STEVAN H. LABONTE AND LABONTE LAW GROUP PLLC SUPPLEMENTAL FILING IN SUPPORT OF <u>MOTION TO DISMISS</u>** |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ………................................................................................ 1

STATEMENT OF FACTS ………………………………………………………….....…… 2

ARGUMENT ...........................................................................................………... 3

    I.    THIRD-PARTY PLAINTIFFS
          HAVE STANDING TO PURSUE THEIR CLAIMS
          BECAUSE THEY ARE DIRECT CLAIMS THAT SEEK
          TO REDRESS INDIVIDUALIZED HARMS ................................................................... 3

        (A) Eighth Cause of Action by Avdoulos Against LaBonte for Breach of Fiduciary Duty
            and/or Aiding Breach of Fiduciary Duty ....................................................................... 4

        (B) Ninth Cause of Action by Avdoulos Against All Third-Party Defendants for Civil
            Conspiracy ..................................................................................................................... 6

        (C) Tenth Cause of Action by Avdoulos Against All Third-Party Defendants for
            Indemnification .............................................................................................................. 7

        (D) Eleventh Cause of Action by Third-Party Plaintiffs Against All Third-Party
            Defendants for Contribution ......................................................................................... 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Albany-Plattsburgh United Corp. v. Bell*, 307 A.D.2d 416 (3d Dep't 2003) ................................ 4

*Ceribelli v. Elghanayan*, 990 F.2d 62 (2d Cir. 1993) ..................................................................... 4

*Gjuraj v. Uplift El. Corp.*, 110 A.D.3d 540 (1st Dep't 2013) ......................................................... 4

Defendants-third-party plaintiffs 5615 NORTHERN, LLC ("5615 Northern"), 142 NORTH, LLC ("142 North"), 54 BWAY, LLC ("54 Broadway"), DIO LONG, LLC ("Dio Long"), 2545 BORDEN, LLC ("2545 Borden"), DIO NORTH, LLC ("Dio North"), VALLEY MERRICK, LLC ("Valley Merrick"), and SPYRO AVDOULOS ("Avdoulos", and together with 5615 Northern, 54 Broadway, Dio Long, 2545 Borden, Dio North and Valley Merrick, the "Landlord Entities" or "Third-Party Plaintiffs"), by its undersigned attorneys, hereby submits the following response to Stevan H. LaBonte ("LaBonte") and LaBonte Law Group PLLC ("LaBonte Law", and together with LaBonte, the "LaBonte Parties") Joinder in support of the branch of Third-Party Defendants' Nikolaos Letsios ("Mr. Letsios"), Marina Letsios ("Mrs. Letsios"), and Janet Bebry's ("Bebry", and together with Mr. Letsios and Mrs. Letsios, the "Letsios Parties") motion to dismiss the Landlord Entities' First Amended Third-Party Complaint ("Motion") for lack of standing. (Dkt. 60-62).[1]

## PRELIMINARY STATEMENT

The LaBonte Parties' Joinder is part of the latest attempt by the third-party defendants in this action to conflate conduct related to Northern Boulevard Automall, LLC ("NBA" or "Debtor") that may have ultimately harmed NBA, with the direct injuries sustained by the Third-Party Plaintiffs. To be clear, conduct by the LaBonte Parties and other third-party defendants harmed both NBA and Third-Party Plaintiffs, *but the Third-Party Plaintiffs only seek to recover for the harms they have suffered*, not those suffered by NBA. At bar, the claims against the LaBonte Parties would not have arisen but for Third-Party Defendants' bad acts, which ultimately drove NBA into bankruptcy. However, this does not mean that the Third-Party Plaintiffs seek to redress

---

[1] Citations to "Dkt. _" refer to documents filed in this adversary proceeding, styled *Richard J. McCord, Esq., as Chapter 7 Trustee of Northern Boulevard Automall, LLC, d/b/a Long Island City Volkswagen v. 5615 Northern LLC, 142 North LLC, 54 Bway LLC, Dio Long LLC, 2545 Borden LLC, Dio North LLC, Valley Merrick LLC and Spyro Avdoulos*, Adv. Pro. No. 19-01070-nhl.

harms to NBA. Rather, the Third-Party Plaintiffs seek damages for injuries particular to them that are the *result of the same course of conduct* by the LaBonte Parties that both drove NBA into bankruptcy *and* caused the Landlord Entities' damages. The third-party claims asserted in this adversary proceeding would not have been brought, but for NBA's bankruptcy, which was caused by third-party defendants' bad acts, which are also detailed in the Trustee's claims asserted against Letsios in the Adversary Proceeding. Since there are overlapping facts, all of the claims should be tried before this Court, where all parties are joined, to ensure consistent factual findings and decisions.

Moreover, it has recently come to light that the damage caused by LaBonte and Mr. Letsios' breaches of their fiduciary duties to the Third-Party Plaintiffs is ongoing, as a confession of judgment that should have been held in escrow by LaBonte was recently filed by Letsios' counsel in the New York State Supreme Court for the County of Queens, in an action styled *JRYR LLC, as assignee of Nikolaos Letsios v. Spyro Avdoulos*, Queens County Index No. 702874/2022 ("Queens Action"), seeking to impose an additional $803,000.00 in unfounded liability on Avdoulos based on a proposed transaction to buy out Mr. Letsios' interest in NBA that never closed.

As articulated below, the Amended Third-Party Complaint sets out a well-pleaded scheme that ultimately resulted in individualized harm to the Third-Party Plaintiffs. Accordingly, the motion to dismiss should be denied because Third-Party Plaintiffs have standing to assert their claims for the individualized harm they have suffered, which is separate and distinct from the harm suffered by NBA.

## STATEMENT OF FACTS

The facts referenced below are based on the Amended Third-Party Complaint (Dkt. 26, the "Amended TPC"), documents filed on the docket in these bankruptcy proceedings,[2] the Third-Party Plaintiffs' opposition to the supplemental filing by the Plaintiff, Trustee Richard J. McCord, ("Trustee"), and the December 7, 2022 declarations of Spyro Avdoulos ("Avdoulos Dec.") and George Sitaras, Esq. ("Sitaras Dec.")

## ARGUMENT

The LaBonte Parties' Joinder incorporates that portion of the Letsios Parties' Motion as to Third-Party Plaintiffs' standing by reference. Accordingly, this opposition to the LaBonte Parties' Joinder incorporates the Landlord Entities' opposition to the portion of that Motion on standing ("Opposition") by reference. (Dkt. 74.)

### POINT I

### THIRD-PARTY PLAINTIFFS HAVE STANDING TO PURSUE THEIR CLAIMS BECAUSE THEY ARE DIRECT CLAIMS THAT SEEK TO REDRESS INDIVIDUALIZED HARMS

In the Amended TPC, Avdoulos and/or the Landlord Entities have asserted four causes of action against the LaBonte Parties.

Each cause of action is based upon unique harms suffered by Avdoulos and the Landlord Entities due to the actions of LaBonte Parties in concert with the Letsios Parties and other third-party defendants. While the LaBonte Parties' conduct may have also caused harm to the Debtor, none of the claims asserted by Avdoulos or the Landlord Entities seek relief on behalf of the Debtor. Instead, they focus solely on the harms suffered by the Third-Party Plaintiffs, and as such,

---

[2] The Landlord Entities have also cross-moved to file a Second Amended Third-Party Complaint as part of their opposition to the motion to dismiss by Third-Party Defendants John Marciano and Respect Auto Queens I, LLC. (Dkt. 71).

3

are not derivative claims. Because such causes of action are not derivative claims, Third-Party Plaintiffs have standing to assert the causes of action contained in the Amended TPC.

In determining whether a claim is derivative or individual, "[t]he pertinent inquiry is whether the thrust of the plaintiff's action is to vindicate his personal rights as an individual and not as a stockholder on behalf of the corporation." *Albany-Plattsburgh United Corp. v. Bell*, 307 A.D.2d 416, 419, 763 N.Y.S.2d 119 (3d Dep't 2003) (collecting cases). Where harm is caused to an individual member, they may bring their claims through direct action, even where derivative claims may also be maintained. *Gjuraj v. Uplift El. Corp.*, 110 A.D.3d 540, 540 (1st Dept 2013). "Under New York law, a shareholder may bring an individual suit if the defendant has violated an independent duty to the shareholder, whether or not the corporation may also bring an action." *Ceribelli v. Elghanayan*, 990 F.2d 62, 63-64 (2d Cir. 1993) (citations omitted). At bar, LaBonte was required was required to disclose his conflicts an obtain a waiver but failed to do so, thereby breaching an independent duty to Avdoulos.

An examination of each of the causes of action against the LaBonte Parties reveals that the harms complained of by the Landlord Entities *are unique to them* and not brought on behalf of the Debtor. Accordingly, they are not derivative claims and the Landlord Entities have standing to pursue their claims.

### A. Eighth Cause of Action by Avdoulos Against LaBonte for Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty

The eighth cause of action in the Amended TPC is for breach of fiduciary duty and aiding and abetting breach of fiduciary duty as against LaBonte. (Dkt. 26 at ¶¶ 194-203.) Mr. Letsios hired the LaBonte Parties to provide legal services to NBA in connection with its operation, including acquisition of Volkswagon of Long Island City, a franchise agreement with Volkswagon of America, Inc., loans by VW Credit, Inc. to NBA and the NBA operating agreement (Dkt. 26 at

4

¶¶ 41-42.) LaBonte also represented Mr. Letsios personally, as well as third-party defendant Marciano and entities he owns or controls including third-party defendant Respect I, while also representing Avdoulos personally with respect to NBA. (Dkt. 26 at ¶¶ 43-45.) LaBonte neglected to inform Avdoulos of conflicts of interest arising from simultaneous representation of Marciano and Mr. Letsios, including in connection with their businesses Valley and Long Island Kia, while simultaneously representing Avdoulos in connection with certain disputes between Letsios and Avdoulos regarding NBA. LaBonte failed to obtain Avdoulos' consent to such conflicts or inform him that LaBonte was representing Marciano and Mr. Letsios regarding Long Island Kia, Valley, and Respect. (Dkt. 26 at ¶¶ 47-49, 98-100.) While LaBonte had a duty to inform Avdoulos as to Mr. Letsios' dealings, he failed to do so. (Dkt. 26 at ¶ 105.) As a result of Mr. Letsios' schemes—executed with the assistance of the LaBonte Parties, as well as George Papantoniou, Marina Letsios, Janet Bebery, Marciano and others—Avdoulos and the Landlord Entities suffered individual harms separate and distinct from the harms to NBA. (Dkt. 26 at ¶ 107.)

LaBonte, as counsel to Avdoulos owed NBA and its members, including Avdoulos, owed the utmost good faith, loyalty and fidelity in their respective dealings with NBA and its non-managing member. (Dkt. 26 at ¶ 195.) LaBonte breached his fiduciary duties by failing to inform Avdoulos of Mr. Letsios' breaches of his fiduciary duties, as well as Mr. Letsios' looting and diversion of NBA assets and the relationship with Marciano and/or Respect I, while failing to protect Avdoulos' interests or obtain a conflict of interest waiver form Avdoulos, causing damages individualized to Avdoulos. (Dkt. 26 at ¶¶ 197, 199-200, 203.) LaBonte provided substantial assistance in Mr. Letsios, Marciano, and/or Respect I's scheme to loot NBA, preparing documents and ignoring Letsios' looting, while insulating Mr. Letsios, Marciano, and/or Respect I from liability and shifting liability to Avdoulos personally and causing Avdoulos individualized harm.

(Dkt. 26 at ¶¶ 202-203.) More recently, Mr. Letsios' counsel Mr. Kataev filed a confession of judgment that should have been held by the LaBonte Parties in escrow, which had been part of a proposed but unconsummated transaction for Avdoulos to purchase Mr. Letsios' interest in NBA before its bankruptcy. This confession of judgment was filed by Mr. Labonte's counsel in this action, Mr. Kataev on February 7, 2022, creating further liability for Avdoulos individually. Accordingly, Mr. Letsios and LaBonte's breaches of their respective fiduciary duties toward Avdoulos are ongoing, and Avdoulous has standing to pursue recovery for these breaches.

As with the Amended TPC's causes of action for breach of fiduciary duty, the fiduciary duties that LaBonte aided and abetted in breaching were duties running from LaBonte to Avdoulos. As explained above, these breaches of fiduciary duty are particular and unique to Avdoulos and are not derivative actions to be brought on behalf of the Debtor. Avdoulos, as a non-managing member of the Debtor, (i) has rights to pursue LaBonte to recover damages arising from his breach of LaBante's fiduciary duties as counsel to Avdoulos, and (ii) if LaBonte substantially assisted Mr. Letsios in violating his duties to Avdoulos, then Avdoulos is entitled to pursue him for aiding and abetting. Accordingly, Avdoulos has rights to pursue the Letsios Parties and LaBonte arising from their respective breaches of their fiduciary duties of loyalty and care, and for aiding and abetting the remaining Letsios Parties and LaBonte in their breached of the fiduciary duties they owed to Avdoulos.

To reiterate, the duty alleged in the Amended TPC is the fiduciary duty running from LaBonte to Avdoulos and not the fiduciary duty owed to the Debtor.

### B. Ninth Cause of Action by Avdoulos Against All Third-Party Defendants for Civil Conspiracy

The ninth cause of action in the Amended TPC is for civil conspiracy. (Dkt. 26 at ¶¶ 204-207.) The same arguments regarding the unique and particular nature of the harms and causes of

action that applies to the underlying torts, namely, breach of fiduciary duty, fraud and construction fraud perpetrated against Third-Party Plaintiffs applies to this cause of action.  (See, Dkt. 71.) Accordingly, for the reasons set forth above, Third-Party Plaintiffs have standing to assert this claim.

### C. Tenth Cause of Action by Avdoulos Against All Third-Party Defendants for Indemnification

The tenth cause of action in the Amended TPC is for indemnification.  (Dkt. 26 at ¶¶ 208-214.)  The Letsios Parties failed to address this cause of action in their arguments on standing, incorporated into the LaBonte Parties' Joinder by reference. However doing so would have been futile and circular as this cause of action seeks indemnification for the losses suffered by Third-Party Plaintiffs as a result of the claims brought by the Trustee.  It would be nonsensical to assert that the standing to assert indemnification for such losses would also rest with the Trustee. Accordingly, any loss claimed by the indemnification cause of action, by definition, is unique and particular to the Third-Party Plaintiffs, and Third-Party Plaintiffs have standing to assert the tenth cause of action for indemnification.

### D. Eleventh Cause of Action by Third-Party Plaintiffs Against All Third-Party Defendants for Contribution

The eleventh cause of action in the Amended TPC is for contribution. (Dkt. 26 at ¶¶ 215-216.)  It alleges that if the Third-Party Plaintiffs are held liable for any claim or damages based on the Trustee's complaint, LaBonte and others must reimburse the Third-Party Plaintiffs.  The harms suffered by Third-Party Plaintiffs as a result of damages imposed by the Court based on the Trustees complaint against Third-Party Plaintiffs would axiomatically be unique and particular to Third-Party Plaintiffs. Such claims are necessarily direct in nature, not derivative, and as such, Third-Party Plaintiffs have standing to assert same.

Accordingly, as it is clear that all of the causes of action alleged by Third-Party Plaintiffs are direct and not derivative, no prelitigation demand was required. Third-Party Plaintiffs have proper standing and the motion by the Letsios Parties, joined by the LaBonte Parties, must be denied.

## CONCLUSION

For all of the foregoing reasons, the motion to dismiss should be denied in its entirety.

Dated: New York, New York
December 7, 2022

           Respectfully submitted,

           SITARAS & ASSOCIATES PLLC

By:   */s/ Richard Diorio*
      Richard Diorio, Esq.
      George Sitaras, Esq.
      200 Liberty Street 27th Floor
      New York, New York 10281
      Tel: (212) 430-6410